

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 20, 1974

The Honorable Carlos F. Truan
Chairman
Committee on Human Resources
House of Representatives
P. O. Box 2910
Austin, Texas

Opinion No. H- 406

Re: Whether licensing of child care institutions by the state requires compliance with non-discriminatory laws by institution.

Dear Representative Truan:

You have indicated that your committee has been presented with evidence of racial discrimination by private child care facilities licensed by the State. To determine whether there is any necessity to recommend state legislation directed at this practice you ask:

> Is the issuance of a license by a State agency or by a political subdivision of the State to any kind of private child-care institution such a State action, within existing federal law or the U.S. Constitution, as would require non-discriminatory admissions and services by the licensee?

Your inquiry is directed solely to the question of whether a state licensing program constitutes "state action" and whether on that basis alone a licensee would be prohibited by federal law from engaging in discriminatory practices. Accordingly, our opinion is limited to that question and does not consider whether state law or federal law based on foundations other than the state action concept, such as the commerce clause or the receipt of federal benefits, would require a child care facility to avoid discriminatory action. See e.g., 42 U.S.C., Sec. 2000e, et seq. (equal employment opportunity); The Child Nutrition Act of 1966, 42 U.S.C., Sec. 1771, et seq.; 7 C.F.R., Sec. 215.14.

The Fourteenth Amendment to the United States Constitution provides that:

> No state shall . . . deny to any person within its
> jurisdiction the equal protection of the laws.

If a state program of licensing child care facilities is sufficient
to trigger the operation of the Fourteenth Amendment by constituting the
requisite state action, licensed facilities could not adopt discriminatory
policies.   The relationship of the Fourteenth Amendment and a state
licensing program was recently discussed by the United States Supreme
Court in Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1972).   Moose
Lodge No. 107 was a private club which had been granted a liquor license
by the state of Pennsylvania.  Liquor licenses were not freely available.
A quota established the limited number of licenses which could be issued,
and recipients had to comply with detailed regulations.  Nevertheless,
the Supreme Court said:

> The Court has never held, of course, that discrimination
> by an otherwise private entity would be violative of the
> Equal Protection Clause if the private entity receives any
> sort of benefit or service at all from the State, or if it is
> subject to state regulation in any degree whatever . . .
>
> Our holdings indicate that where the impetus for the
> discrimination is private, the State must have "signi-
> ficantly involved itself with invidious discriminations,"
> Reitman v. Mulkey, 387 US 369, 380, (1967), in order
> for the discriminatory action to fall within the ambit
> of the constitutional prohibition , . .
>
> However detailed [liquor license] regulation may be in
> some particulars, it cannot be said to in any way
> foster or encourage racial discrimination.  Nor can
> it be said to make the State in any realistic sense a
> partner or even a joint venturer in the club's enter-
> prise . . .
>
> We therefore hold that, . . . the operation of the
> regulatory scheme enforced by the Pennsylvania
> Liquor Control Board does not sufficiently implicate
> the State in the discriminatory guest policies of
> Moose Lodge  so as to make the latter "state action"
> within the ambit of the Equal Protection Clause of
> the Fourteenth Amendment.
> 407 U.S. at 173, 176, 177.

We believe the reasoning of <u>Moose Lodge</u> compels a similar answer to your question. We believe it would be held that the mere fact that a child care facility receives a license under Article 4442a, V.T.C.S., or other similar statute does not, under the existing case law, sufficiently implicate the State in the discriminatory practices so as to make them "state action" within the ambit of the Equal Protection Clause of the Fourteenth Amendment. This is not to say, of course, that an aggrieved child or parent might not have a civil remedy against a child care facility that practiced discrimination. See, e.g., 42 U.S.C. Sec 1981; <u>Gonzalez v. Fairfax-Brewster School, Inc.</u>, 363 F.Supp. 1200 (E.D. Va. 1973); cf. <u>Tillman v. Wheaton-Haven Recreation Assoc.</u>, 410 U.S. 431 (1973); <u>Sullivan v. Little Hunting Park</u>, 396 U.S. 229 (1969). Nor is it to say that statutes with foundations other than the state action concept may not prohibit discriminatory practices.

Because of our answer to your first question it is unnecessary to consider your second inquiry.

### SUMMARY

State licensing of private child care facilities does not sufficiently implicate the state in the policies of the child care facilities so as to make their discriminatory practices state action for Fourteenth Amendment purposes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg